IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANA MEDRANO and CHRISTIAN TORRES, individually and as parents and co-representatives of the estate of BABY A, deceased,<br><br>               Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MOUNTAIN VALLEY IMAGING OF UTAH, LLP; JOHN C. OLSON, MD; INTERMOUNTAIN HEALTH SERVICES, INC. D/B/A UTAH VALLEY HOSPITAL; JODIE LAYTON D/B/A UTAH VALLEY OB ULTRASOUND; HELEN FELTOVICH, MD; and JOHN DOES I-X,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:19-CV-138 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant IHC Health Services, Inc. dba Utah Valley Hospital's ("Utah Valley Hospital") Motion for Summary Judgment and Defendant Helen Feltovich, M.D.'s ("Dr. Feltovich") Rule 702 Motion to Strike Expert Witness Testimony and Motion for Summary Judgment.[1]  For the reasons discussed below, the Court will deny both Motions.

---

[1] Defendants' reply memoranda were untimely filed and Defendants have failed to show good cause and excusable neglect to allow for their acceptance.  *See* Fed. R. Civ. P. 6(b)(1)(b); DUCivR 7-1(b)(3)(A).  Therefore, they need not be considered by the Court.  Regardless, nothing in those memoranda would alter the Court's analysis.

I.  BACKGROUND

This is a wrongful death action arising from the allegedly negligent treatment Plaintiff Jana Medrano received prenatally and during her labor and delivery at Utah Valley Hospital, which allegedly caused the death of Baby A.  At the time of Ms. Medrano's labor and delivery, Dr. Feltovich was employed as a maternal-fetal medicine specialist at Utah Valley Hospital.  Dr. Feltovich was consulted during the course of Ms. Medrano's labor by Pahl Bench, M.D., Ms. Medrano's treating physician.  Dr. Feltovich's actions in response to that consultation make up part of Plaintiffs' claims.

There are disputes as to what information Dr. Bench provided to Dr. Feltovich.  Dr. Bench testified that he did not have a specific recollection as to the contents of the conversation, but his usual practice is to "present the case with all the details that I have, all the concerns that I have, and then ask for input on management."[2]  Dr. Bench indicated that he would have had all of the information he needed, including the fetal heart tracings, at the time of the discussion.[3]  Dr. Feltovich did not recall reviewing fetal heart tracings in this case and believes that she did not.[4]  However, she further testified that she would not have made one of the recommendations she made in this case—administration of Cytotec—without reviewing these tracings.[5]  Further, the medical records indicate that Dr. Feltovich did review the fetal heart tracings.[6]  Based on the

---

[2] Docket No. 75-4, at 166:19–21.
[3] *Id.* at 167:11–19.
[4] Docket No. 75-2, at 55:10–21.
[5] Docket No. 79-6, at 68:12–17.
[6] Docket No. 79-8, at 3.

information Dr. Bench did provide—a key issue in dispute—Dr. Feltovich recommended continued labor and delivery rather than an immediate delivery.[7]

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[9]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[10]

## III.  DISCUSSION

A.  UTAH VALLEY HOSPITAL

Utah Valley Hospital seeks summary judgment, arguing that "Plaintiff has produced no expert testimony as to any breach of the applicable standard of care on the part of any labor and delivery nurse, *or any other Utah Valley Hospital employee*."[11]  Utah Valley Hospital's Motion is founded on an incorrect premise.  While Utah Valley Hospital is correct that there is no expert testimony related to nurses, Plaintiffs' claim against Utah Valley Hospital is based on their claim that Dr. Feltovich breached the applicable standard of care.  Dr. Feltovich was an employee of

---

[7] Docket No. 75-4, at 83:8–12.

[8] Fed. R. Civ. P. 56(a).

[9] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[10] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[11] Docket No. 76, at 2 (emphasis added).

3

Utah Valley Hospital and Utah Valley Hospital admits that its employees owed Ms. Medrano and Baby A a duty of care.[12] Plaintiffs have produced an expert to testify that Dr. Feltovich breached the standard of care, and Dr. Feltovich has challenged the admissibility of this expert's testimony. Thus, Utah Valley Hospital's Motion necessarily depends on the success of Dr. Feltovich's Motion, discussed below.

B.   DR. FELTOVICH

Plaintiffs must establish the following elements to sustain a prima facie case of medical malpractice: "(1) the standard of care by which the doctor's conduct is to be measured, (2) breach of that standard by the doctor, and (3) injury proximately caused by the doctor's negligence."[13] Generally, "the plaintiff must provide expert testimony to establish: 1) the standard of care; 2) defendant's failure to comply with that standard; and 3) that defendant caused plaintiff's injuries."[14] "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the three prongs of the prima facie case justifies a grant of summary judgment to the defendant."[15]

Plaintiffs have disclosed two experts who have offered opinions relative to Dr. Feltovich: Barry Schifrin, M.D., and James L. Lenhart, M.D. The bulk of Dr. Feltovich's Motion argues that Dr. Lenhart does not possess the requisite knowledge, skill, experience, training, or education to testify as to the standard of care applicable to a maternal-fetal medicine specialist.

---

[12] Docket No. 50 ¶¶ 13, 124.

[13] *Chadwick v. Nielsen*, 763 P.2d 817, 821 (Utah Ct. App. 1988).

[14] *Hoopiiaina v. Intermountain Health Care*, 740 P.2d 270, 271 (Utah Ct. App. 1987) (internal citations omitted).

[15] *Dikeou v. Osborn*, 881 P.2d 943, 946 (Utah Ct. App. 1994).

However, Plaintiffs assert that Dr. Lenhart will not offer such testimony but will instead testify on causation. Thus, the objection to Dr. Lenhart's testimony is irrelevant and not a basis for summary judgment.

Dr. Schifrin intends to testify that Dr. Feltovich's conduct fell below the standard of care if she failed to obtain Ms. Medrano's relevant information—including her gestational age, vital signs, and the fetal tracings—or if she had all the relevant information and recommended continuation of labor rather than an emergency c-section. Dr. Schifrin also intends to testify that Dr. Feltovich breached the standard of care by recommending that Cytotec be given to Ms. Medrano,[16] but this opinion is irrelevant since Cytotec was never administered and so it could not have been the cause of Baby A's injuries.[17] Thus, Dr. Schifrin's relevant testimony is that Dr. Feltovich's failure to obtain important information before recommending continuation of labor, or her recommendation to continue labor if she had full information, fell below the standard of care.

Dr. Feltovich argues that Dr. Schifrin's opinions are not based upon sufficient facts and are unreliable.[18] Specifically, Dr. Feltovich contends that Dr. Schifrin's opinions are not based on sufficient facts because they conflict with the undisputed evidence in the record. Dr. Feltovich is incorrect that the evidence is uncontroverted. Indeed, what information Dr. Feltovich had is a critical question in this matter. Dr. Schifrin's opinions account for the dispute

---

[16] Docket No. 75-6, at 9–10.
[17] Docket No. 75-3, at 135:22–136:4.
[18] Fed. R. Evid. 702(b), (c), (d).

as to what information Dr. Feltovich had by offering alternate opinions based on different factual scenarios.

Dr. Feltovich also argues that Dr. Schifrin's opinions are unreliable because Dr. Schifrin testified that he did not know what information Dr. Feltovich had when she consulted with Dr. Bench concerning Ms. Medrano. But, again, this does not render Dr. Schifrin's opinions unreliable. According to Dr. Schifrin, Dr. Feltovich had a responsibility to ask for and obtain all the necessary information for her to conduct a consultation. If Dr. Feltovich did not obtain the necessary information to recommend an appropriate course of treatment and failed to seek additional information, she was in breach of the standard of care.[19] On the other hand, if Dr. Feltovich did have all the necessary information but recommended Ms. Medrano continue labor, she breached the standard of care.[20] The finder of fact will be required to determine what information Dr. Feltovich did or did not have and can evaluate Dr. Schifrin's opinions based upon that determination. The fact that Dr. Schifrin did not endorse one set of facts and offers different opinions based on the competing versions of the facts does not render his opinions inadmissible.[21] Therefore, Dr. Feltovich's Motion to exclude Dr. Schifrin's opinions will be denied.

---

[19] Docket No. 79-2, at 10–11.

[20] Docket No. 75-3, at 137:23–140:3.

[21] *See* Fed. R. Evid. 702 advisory committee's note to 2000 amendment ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

Both Utah Valley Hospital and Dr. Feltovich's requests for summary judgment are dependent on the exclusion of Plaintiffs' experts. Since those experts will not be excluded, there is no basis for summary judgment, and the requests for entry of judgment must be denied.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant IHC Health Services, Inc. dba Utah Valley Hospital's Motion for Summary Judgment and Defendant Helen Feltovich, M.D.'s Rule 702 Motion to Strike Expert Witness Testimony and Motion for Summary Judgment (Docket Nos. 75 and 76) are DENIED.

DATED this 25th day of February, 2021.

BY THE COURT:

Ted Stewart
United States District Judge