IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANA MEDRANO and CHRISTIAN TORRES, individually and as parents and co-representatives of the estate of BABY A, deceased,<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MOUNTAIN VALLEY IMAGING OF UTAH, LLP; JOHN C. OLSON, MD; INTERMOUNTAIN HEALTH SERVICES, INC. D/B/A UTAH VALLEY HOSPITAL; JODIE LAYTON D/B/A UTAH VALLEY OB ULTRASOUND; HELEN FELTOVICH, MD; and JOHN DOES I-X,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:19-CV-138 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on a Joint Motion to Strike Expert Opinions of David Nyberg by Defendants Layton and Olson and a Motion to Preclude Plaintiffs' Expert David Nyberg from Testifying as to the Standard of Care Governing Defendant Layton.[1] For the reasons discussed below, the Court will deny both Motions.

I.  BACKGROUND

This is a wrongful death action arising from the allegedly negligent treatment Plaintiff Jana Medrano received prenatally and during her labor and delivery, which allegedly caused the death of Baby A. Ms. Medrano obtained a physician-ordered obstetric ultrasound from

---

[1] Defendants have not filed reply memoranda and the time for doing so has expired. *See* DUCivR 7-1(b)(3)(B).

Defendant Jodie Layton. Ms. Layton then sent her notes and images to the interpreting radiologist, Defendant John C. Olson, M.D. Plaintiffs have retained David Nyberg, M.D., as an expert witness. Dr. Nyberg is a radiologist and intends to opine that both Ms. Layton and Dr. Olson breached the relevant standard of care by failing to detect a serious fetal abnormality: gastroschisis. Had Ms. Layton and Dr. Olson discovered this abnormality in reviewing the ultrasound images, Plaintiffs contend there would have been sufficient opportunity to intervene with the expectation of normal survival of the infant. Defendants now seek to exclude Dr. Nyberg's opinions.

## II. DISCUSSION

A.   JOINT MOTION

Ms. Layton and Dr. Olson jointly move to strike Dr. Nyberg's opinions because he was provided with the confidential and protected prelitigation panel opinion issued after an administrative hearing held by the Utah Division of Occupational and Professional Licensing, in violation of the Utah Health Care Malpractice Act.

Under Utah law, prelitigation proceedings "are confidential, privileged, and immune from civil process."[2] Thus, "documents and information obtained by a party solely through participation in proceedings before a prelitigation panel are confidential, privileged, and immune from civil process."[3] One of the purposes of this provision "is to prevent the prelitigation-panel proceedings from affecting the actual litigation of a claim."[4] However, "per se exclusion of the

---

[2] Utah Code Ann. § 78B-3-416(1)(d).
[3] *Munson v. Chamberlain*, 2007 UT 91, ¶ 18, 173 P.3d 848.
[4] *Coroles v. State*, 2015 UT 48, ¶ 14, 349 P.3d 739.

expert witnesses" is improper "without first discovering (1) whether the experts relied upon the confidential information revealed . . . or (2) whether the experts are able to render an opinion without considering the confidential information."[5]  "If a district court determines that an expert can express an opinion without relying on the confidential information, the expert should not be stricken.  Instead, any reference to the confidential information should be stricken from the expert's report and the court should instruct the expert to disregard the confidential information."[6]

Here, Dr. Nyberg was provided confidential prelitigation information.  However, Dr. Nyberg testified in his deposition that he did not review the documents in any detail and did not rely on them to reach his opinion.[7]  Instead, he relied upon his interpretation of the ultrasound images.[8]  In a Declaration provided with Plaintiffs' Opposition, Dr. Nyberg reaffirmed that he did not review the confidential information in forming his opinions and they do not form the basis of his opinions.[9]  Dr. Nyberg goes on to state that he has removed these documents from his file and destroyed them.[10]  He further states that he does not intend to reference or testify regarding that information at trial.[11]  Plaintiffs' counsel similarly state that they will not refer to this information at trial.

---

[5] *Id.* ¶ 18.
[6] *Id.*
[7] Docket No. 86-2, at 12:2–3, 15:7-9.
[8] *Id.* at 12:2–3.
[9] Docket No. 86-1 ¶¶ 6–8.
[10] *Id.* ¶ 11.
[11] *Id.*

Defendants contend that Dr. Nyberg would be unable to render an opinion without relying on the prelitigation materials, but they do not explain why this is so. Dr. Nyberg stated in both his deposition and his Declaration that his opinion is based on his review of the ultrasound images. There is nothing to suggest that his erroneous access to the prelitigation materials played any role in him reaching his opinions. Based upon the representations from Dr. Nyberg and counsel, exclusion is not necessary. Therefore, Defendants' Motion will be denied.

B.  LAYTON MOTION

Defendant Layton seeks to exclude Dr. Nyberg's testimony concerning the standard of care of sonographers, arguing that he is not qualified to render such opinions.

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The question presented here is whether Dr. Nyberg has the "knowledge, skill, experience, training, or education" concerning the standard of care applicable to sonographers when performing a fetal ultrasound. Dr. Nyberg is a radiologist, not a sonographer. "[O]rdinarily, a practitioner of one school of medicine is not competent to testify as an expert in a malpractice action against a practitioner of another school."[12] "An exception is made when a witness is

---

[12] *Burton v. Youngblood*, 711 P.2d 245, 248 (1985).

knowledgeable about the standard of care of another specialty or when the standards of different specialties on the issue in a particular case are the same."[13]

Ms. Layton claims that Dr. Nyberg is not sufficiently knowledgeable about the standard of care for sonographers. Ms. Layton argues that Dr. Nyberg has not worked as a sonographer, does not know the licensing requirements for becoming a sonographer in Utah, and does not know the continuing education requirements for a sonographer to remain certified.[14] Ms. Layton ignores that Dr. Nyberg, as a radiologist, has had the same training a sonographer receives and more.[15] He has done the same work as a sonographer and continues to do so several times per month.[16] Dr. Nyberg has also trained "hundreds and hundreds of sonographers" and taught courses to sonography students.[17] This knowledge, skill, experience, training, and education is sufficient to allow Dr. Nyberg to testify as to the standard of care for a sonographer performing an obstetric ultrasound.[18] Ms. Layton fails to explain why Dr. Nyberg's lack of knowledge of licensing and continuing education requirements renders his opinion inadmissible.

Not only is Ms. Layton incorrect in her assessment of Dr. Nyberg's knowledge, skill, experience, training, and education, but her argument also fails to address Dr. Nyberg's statement that there is one standard of care applicable to those performing an ultrasound

---

[13] *Arnold v. Curtis*, 846 P.2d 1307, 1310 (Utah 1993).

[14] Docket No. 81-1, at 82:16–83:6,  89:15–19, 92:19–22.

[15] *Id.* at 97:23–24.

[16] *Id.* at 83:3–84:7.

[17] *Id.* at 87:1–88:25.

[18] *See Creekmore v. Maryview Hosp.*, 662 F.3d 686, 692–93 (4th Cir. 2011) (finding no abuse of discretion where doctor testified about the nursing standard of care where the doctor "regularly perform[ed] the procedure at issue . . . and the standard of care for performing the procedure is the same" for doctors and nurses) (internal citations and quotation marks omitted).

regardless of whether that person is a sonographer or radiologist.[19] Ms. Layton fails to provide evidence that a different standard of care applies depending on who conducts the ultrasound, nor does she explain how the standard of care would differ simply because the person conducting the ultrasound has more education.  While Ms. Layton raises the concern that Dr. Nyberg's testimony could impose a higher standard of care, that concern dissipates if the standard is the same.  Therefore, Ms. Layton's Motion will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that the Joint Motion to Strike Expert Opinions of David Nyberg by Defendants Layton and Olson and Motion to Preclude Plaintiffs' Expert David Nyberg from Testifying as to the Standard of Care Governing Defendant Layton (Docket Nos. 80 and 81) are DENIED.

DATED this 25th day of February, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[19] Docket No. 81-1, at 94:3–96:24.