IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JANA MEDRANO and CHRISTIAN TORRES, individually and as parents and co-representatives of the estate of BABY A, deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MOUNTAIN VALLEY IMAGING OF UTAH, LLP; JOHN C. OLSON, MD; INTERMOUNTAIN HEALTH SERVICES, INC. D/B/A UTAH VALLEY HOSPITAL; JODIE LAYTON D/B/A UTAH VALLEY OB ULTRASOUND; HELEN FELTOVICH, MD; and JOHN DOES I-X,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:19-CV-138 TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant John C. Olson, M.D. and Mountain Valley Imaging of Utah's Motion for Partial Summary Judgment as to Plaintiffs' Punitive Damages Claim.  For the reasons discussed below, the Court will deny the Motion as untimely.

## I.  BACKGROUND

This is a wrongful death action arising from the allegedly negligent treatment Plaintiff Jana Medrano received prenatally and during her labor and delivery, which allegedly caused the death of Baby A.  Ms. Medrano obtained a physician-ordered obstetric ultrasound from Defendant Jodie Layton.  Ms. Layton then sent her notes and images to the interpreting radiologist, Defendant John C. Olson, M.D.  Plaintiffs allege that Dr. Olson breached the relevant standard of care by failing to detect a serious fetal abnormality: gastroschisis.  As part of

their prayer for relief, Plaintiffs seek an award of punitive damages.  Dr. Olson and Mountain Valley Imaging of Utah now seek partial summary judgment on Plaintiffs' punitive damages claim.

## II.  DISCUSSION

The operative Scheduling Order in this case established December 30, 2020, as the deadline for filing dispositive or potentially dispositive motions.[1]  Defendants filed the instant Motion on May 17, 2021, well after the dispositive motion deadline.  Defendants contend that their Motion, though styled as a motion for partial summary judgment, is not a dispositive motion and, therefore, not governed by that provision of the scheduling order.

A dispositive motion is "[a] motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings."[2]  A claim is "[a] demand for money, property, or a legal remedy to which one asserts a right" and is "the part of a complaint in a civil action specifying what relief the plaintiff asks for."[3]  Here, Plaintiffs have made a demand for punitive damages against Defendants, constituting a "claim."  Defendants' Motion is potentially dispositive of that claim and is therefore untimely under the Scheduling Order.

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  "In practice, this standard requires the movant to

---

[1] Docket No. 74, at 2.

[2] *Dispositive Motion*, Black's Law Dictionary (11th ed. 2019).

[3] *Claim*, Black's Law Dictionary (11th ed. 2019).

show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[4]

Defendants make no attempt to show why the Motion could not have been filed prior to the

dispositive motion deadline.  The only evidence submitted with their Motion is a declaration

from Dr. Olson about his intent when he interpreted the ultrasound in 2017.  There is no reason

this declaration could not have been created prior to the deadline.  Therefore, Defendants'

Motion will be denied.  Defendants remain free, of course, to seek judgment as a matter of law

on the issue of punitive damages if Plaintiffs fail to present sufficient evidence at trial.

### III.  CONCLUSION

It is therefore

ORDERED that John C. Olson, M.D. and Mountain Valley Imaging of Utah's Motion for

Partial Summary Judgment as to Plaintiffs' Punitive Damages Claim (Docket No. 99) is

DENIED.

DATED this 2nd day of June, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)) (alteration in original).